IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE:                              §
                                    §
LYNNETTE DIANE EDIC,                §
                                    §
    Debtor.                         §   CASE NO. 05-41557-DML-13

## MEMORANDUM OPINION

The above named Debtor, acting *pro se*, has filed with the court the following: (1) Motion to Invoke Federal Bankruptcy Rule 2004 Note 79 [sic]; Oral or Written Application for Examination (the "2004 Motion"); (2) Motion for Secrecy on Motion and Order for Secret Testament [sic] and Secret Specialty Search (the "Secrecy Motion"); and (3) Motion for Hearing on Secret Testimony (the "Hearing Motion" and, together with the 2004 Motion and the Secrecy Motion, the "Motions"). The court considers the Motions pursuant to its jurisdiction under 28 U.S.C §§ 1334(a) and 157(b)(2). The court does not consider a hearing on the Motions to be necessary, but will consider any properly substantiated motion for relief form this order.

Debtor commenced this case under chapter 13 of the Bankruptcy Code on February 15, 2005. The case was converted to chapter 7 on August 1, 2005. Carey Ebert, Esq., has been appointed as chapter 7 trustee (the "Trustee").

Debtor asserts that her financial problems and need for bankruptcy relief result from conduct by her landlord at the time of commencement of the case, Western Rim Property Services, L.P. ("WRPS"). By the 2004 Motion, Debtor seeks to conduct an examination under

FED. R. BANKR. P. 2004 of three former employees of WRPS, Louise McMichael, Gary Garner and Zackary Lacy (collectively the "Witnesses") and, by the same motion, seeks production of documents by WRPS.[1] The Secrecy Motion, as best the court can tell, asks that examination of the Witnesses be conducted under seal. By the Hearing Motion, Debtor asks that the court hear the testimony of the Witnesses (again in secret).

Rule 2004 is very broad in scope. *See* 8 COLLIER ON BANKRUPTCY ¶ 2004.02[1] (15th ed. rev. 2005). It may be invoked by any party in interest including a chapter 7 debtor. *See, e.g., In re* Summit Corp., 891 F.2d 1, 5 (1st Cir. 1989). Thus, the court concludes the 2004 Motion should be granted. Louise McMichael, Gary Garner and Zachary Lacy shall appear for examination as described below.

However, it is not clear whether examination of the Witnesses could lead to litigation that would be property of the estate, as opposed to a cause of action that is, on some basis, exempt. Moreover, the content of the Motions leaves the court concerned about the ability of Debtor to conduct an examination of the Witnesses. Accordingly, the court directs that the Trustee participate in examination of the Witnesses. The court further directs that the Trustee determine with Debtor a suitable time for examination of the Witnesses and give notice to Debtor, WRPS (for reasons stated below) and, by such process as she may deem appropriate, the Witnesses of the time and place of the Rule 2004 examinations of the Witnesses. The Trustee, however, will not be required to notice or undertake any examination of any of the Witnesses until Debtor

---

[1] The court orally directed WRPS to produce certain documents during a prior hearing. The Motions suggests the court's direction has not yet been complied with. If so, counsel for WRPS is directed to produce documents as previously ordered immediately.

F:\Chambers\opinions\edic secrecy motion doc

2

deposits with the Trustee $500.00 to cover the costs of a court reporter and copying charges.[2] Thus, compliance by the Trustee with this ruling is contingent upon receipt from Debtor of the $500.00 deposit.

As to the Secrecy Motion, the court may use Bankruptcy Code § 107 to protect confidential or secret information. This power should be used sparingly. *See* Hope on Behalf of Clark v. Pearson, 38 B.R. 423, 425 (Bankr. M.D. Ga. 1984) (Court stating that in enacting § 107, Congress intended that the sealing of pleadings would be the exception rather than the rule); *In re* Analytical Sys., Inc., 83 B.R. 833, 835 (Bankr. N.D. Ga. 1987) (Court emphasizing the importance of safeguarding the public's right of access to court records in vacating prior protective order). Based on the Motions, Debtor has not alleged sufficient cause to grant relief under section 107. Accordingly, the Secrecy Motion must be denied.

Similarly, the court must deny the Hearing Motion. Absent an actual dispute posed as a contested matter (FED. R. BANKR. P. 9014) or an adversary proceeding (FED. R. BANKR. P. 7001), it would be extraordinary for the court to hear testimony from the Witnesses. The court has not been furnished sufficient reason to grant such extraordinary relief.

Except as **GRANTED** in this Memorandum Opinion, for the reasons stated, the Motions are **DENIED.**

It is so **ORDERED** this the 6th day of October 2005.

_____
DENNIS MICHAEL LYNN

---

[2] To the extent not necessary to pay expenses of the Trustee, this deposit shall be refunded to Debtor following the Rule 2004 examinations. If examination of the Witnesses leads to litigation for the benefit of this estate, the Trustee shall reimburse Debtor the full amount of the deposit

F \Chambers\opinions\edic secrecy motion.doc

deposits with the Trustee $500.00 to cover the costs of a court reporter and copying charges.[2] Thus, compliance by the Trustee with this ruling is contingent upon receipt from Debtor of the $500.00 deposit.

As to the Secrecy Motion, the court may use Bankruptcy Code § 107 to protect confidential or secret information. This power should be used sparingly. *See* Hope on Behalf of Clark v. Pearson, 38 B.R. 423, 425 (Bankr. M.D. Ga. 1984) (Court stating that in enacting § 107, Congress intended that the sealing of pleadings would be the exception rather than the rule); *In re Analytical Sys., Inc.*, 83 B.R. 833, 835 (Bankr. N.D. Ga. 1987) (Court emphasizing the importance of safeguarding the public's right of access to court records in vacating prior protective order). Based on the Motions, Debtor has not alleged sufficient cause to grant relief under section 107. Accordingly, the Secrecy Motion must be denied.

Similarly, the court must deny the Hearing Motion. Absent an actual dispute posed as a contested matter (FED. R. BANKR. P. 9014) or an adversary proceeding (FED. R. BANKR. P. 7001), it would be extraordinary for the court to hear testimony from the Witnesses. The court has not been furnished sufficient reason to grant such extraordinary relief.

Except as **GRANTED** in this Memorandum Opinion, for the reasons stated, the Motions are **DENIED**.

It is so **ORDERED** this the 6th day of October 2005.

_____
DENNIS MICHAEL LYNN
UNITED STATES BANKRUPTCY JUDGE

---

[2] To the extent not necessary to pay expenses of the Trustee, this deposit shall be refunded to Debtor following the Rule 2004 examinations. If examination of the Witnesses leads to litigation for the benefit of this estate, the Trustee shall reimburse Debtor the full amount of the deposit

F:\Chambers\opinions\edic secrecy motion.doc

3